Paine v. Hoskins.

F. J. PAINE v. W. A. HOSKINS et al. and W. A. HOS-
KINS v. F. J. PAINE.

EXECUTION.    When functus officio.    An execution issued by a Justice of
the Peace and placed in the hands of an officer and upon which he
has made endorsements, cannot be certified to a different county and
execution issued thereon.    When an execution is placed in the hands
of an officer, it constitutes an order on him to execute it as therein
commanded, and to return it to the office from which it issued, with
his endorsement thereon, and it is then functus officio.

FROM RHEA.

Appeal from the Chancery Court at Washington.
W. M. BRADFORD, Ch.

ALLEN for complainant.

BRIGHT and    GASS for defendants.

DEADERICK, C. J., delivered the opinion of the court.

The original bill in this case was filed to enforce
the vendor's lien for purchase money. The answer
and cross-bill by the vendee, admitted the purchase
and amount of purchase money due, but insisted his
vendor's title was defective, and he was compelled to
buy in the paramount title of a third party, for which
he paid $2,500, and prayed for an abatement to that
amount of the unpaid purchase money.

The sale was made in December, 1873, the agent

and attorney of defendant Hoskins negotiating the same with complainant Paine.

Hoskins purchased an alleged title of Gass, for which he gave $2,500.

Complainant claims title to the undivided half interest, originally belonging to one Binyon, by deed from Binyon and wife to Henry and from Henry and wife to him—to the other half his title is not questioned.

On the other hand, it is alleged that before the deed to Henry by Binyon and wife, to-wit, in 1861, Binyon's interest in the land had been levied upon by a justice's execution, issued upon a certified execution from a justice's judgment in Hamilton county. That a constable of Rhea county had levied said execution upon the land and returned it; and thereupon the justice of Rhea county returned the two executions to the Circuit Court of Rhea county, by which court the land was condemned and sold, and Gass became the purchaser, in July, 1861.

Questions arising upon a subsequent tax sale and redemption of the land, have been argued before us, but we do not deem it necessary to discuss them.

· The Chancellor gave a decree in favor of complainant Paine, and Hoskins has appealed.

The rights of the parties must turn upon the question whether Gass, of whom Hoskins purchased his title, had a title, in fact, superior to that of Paine.

The record declares that two judgments were rendered in 1860 by a justice of the peace of Hamilton against Binyon, one for $62, and one for $23, in favor

respectively of Spicer and Lewis—the first in April, and the other in June. And as precisely the same proceedings were had in each case, it will be sufficient in testing their validity and the validity of subsequent proceedings upon them, to confine our consideration to the one first named, in favor of Spicer.

Upon this judgment an execution was issued by Johnson, a justice of the peace of Hamilton county, on the 19th day of April, 1860, to R. G. Campbell, a deputy sheriff, and was endorsed by him as follows: "Came to hand same day issued, search made and no property of the defendants to be found in my county, this 19th April, 1860.

(Signed)         R. G. Campbell, D. Sh'ff.

Appended to this is the certificate of the County Court clerk of Hamilton county, required by section 3073 of the Code, dated 21st April, 1860. Then follows an execution issued by a justice of the peace of Rhea county, reciting the foregoing facts, and dated 26th April, 1860, which was levied upon the land in controversy on 27th April, 1860, by a constable, as the property of said Binyon. In March, 1861, an order of condemnation was had in the Circuit Court and a *venditioni exponas* was issued. Upon which the sheriff endorsed the following: "Came to hand 18th April, 1861. Bid off by W. T. Gass for one dollar. Jo. Howard, Sh'ff."

The successor of the sheriff J. Howard, B. F. Holloway, on the 14th June, 1871, ten years after his purchase, made a deed to Gass for said land—and this constitutes his title.

Paine *v.* Hoskins.

The sheriff, by the order of sale, was directed to sell the land for cash, and it does not appear from his return whether this order was complied with, for it might have been "bid off," without being paid for. But we are of opinion that there was no authority to take to another county, the execution issued to the deputy sheriff of Hamilton county, and by him endorsed as before stated.

When an execution is issued from court, or by a justice, and *goes into the hands of an officer,* it constitutes an order upon him to execute it as therein commanded, and to return it to the court or justice by whom it was issued, with an endorsement, showing what he has done, in obedience to said writ.

The return of the execution consists of two things: 1. To take the paper back to the office from which it issued.    2. To show by endorsement and signature what has been done under it.    These are imperative duties of the officer.    If he fails in the performance of both, he subjects himself to heavy penalties.    He had no right to make other disposition of the executions in this case, than such as the law obliged him to perform—nor have we any reason to suppose that he did so.    On the contrary we infer, without however any distinct evidence, that having made his endorsement on the execution, he returned it to the justice who issued it, showing how he had executed the writ, and that the justice re-issued it for the purpose of its being taken to another county.

The officer having made return of the execution issued to him, as it was his duty to do, it had per-

formed its office, and could not again be issued for any purpose. Its proper place was with the warrant and other papers in the magistrate's office, where it would serve to show what steps had been taken on the judgment, and upon which an alias execution was the proper writ. If it is intended that an execution shall be used in another county as the foundation of an execution there, it should not go into the hands of an officer in the county in which it is issued, as in such case the law requires the officer to return the writ to the office from which it issued.

We therefore conclude that the executions in this case having served their purpose, were *functus officio,* incapable of being made the foundation of process in another county, and the sale of the land, if really made, communicated no title to the purchaser, Gass.

We hold, therefore, that the Chancellor's decree was correct and affirm it.